Calvin H. BLACKABY and Patty A. Blackaby, Appellants,

v.

Anna D. BARNES, widow, Darlene Studle and Ronald Studle, her husband, Karen Kay Barnes, single, Unborn Children and Unknown Heirs of Anna D. Barnes and James Byrdwell, their guardian-ad-litem, Appellees.

Court of Appeals of Kentucky.

Sept. 28, 1979.

Ronald E. Johnson, Louisville, for appellants.

William H. Hays, Sr., James H. Byrdwell, Shelbyville, for appellees.

Before WINTERSHEIMER, HOGGE and REYNOLDS, JJ.

HOGGE, Judge.

Calvin and Patty Blackaby appeal from a judgment of the Shelby Circuit Court declaring a contract for the sale of real estate to the Blackabys void and unenforceable. The property in question is a farm which was willed to Anna D. Barnes for life with remainder to her children. Mrs. Barnes and her only living children, Darlene Studle and Karen Kay Barnes, and Darlene's husband, Ronald, executed a bond for deed with intention of conveying the property to the Blackabys. The Barnes family also filed this action, asking that the sale be approved. The circuit court decided that where a contingent interest in unborn children exists, real estate may not be conveyed by private sale.

The sole issue before us is whether, under KRS 389.040, parties in being may sell real estate by private sale where a contingent interest in unborn children exists. Relevant portions of KRS 389.040 read as follows:

(1) Remainder and contingent interest in real estate may be sold upon petition of any person having a present or vested interest, all persons in being having any interest in such estate being made parties to the action. If the court shall be satisfied that the interest of all concerned would be subserved by such sale, it shall adjudge accordingly; which judgment and sale thereunder shall invest the purchaser with all title of the present and future contingent claimants to the said real estate.

(2) The proceedings in the case provided for in subsection (1) of this section shall be the same in all respects, as far as necessary, as those provided for in KRS 389.010 . . . .

(3) The proceeds of sale shall be by the court reinvested in the same kind of property, to be conveyed and held in the same manner, subject to like limitation, trust, and conditions, as the property which was sold: Provided, however, That the court shall cause all just claims for taxes, or other lawful assessments for public improvements upon the property, to be first paid, and only the balance of the proceeds be invested; or, upon a sale of a part of such property, the proceeds may be invested in suitable improvements upon the remaining land, under the direction of the court; or it shall be lawful for the court to cause the proceeds to be reinvested as provided in section 2, article v., of this chapter.

It is quite clear that under the provision which preceded KRS 389.040, § 491a of the Civil Code, a private sale was not permissible. *Vittitow v. Keene*, 265 Ky. 66, 95 S.W.2d 1083 (1936); *Trimble v. Trimble*, Ky., 262 S.W.2d 381 (1953). In 1970, that portion of the statute was enacted, which directs that the proceedings in the case shall be "the same in all respects, as far as necessary, as those provided for in KRS 389.010."

Notwithstanding the provision of KRS 389.040(2), this court is constrained to follow *Vittitow, supra,* and hold that a private sale of contingent interests is still not permissible, in the absence of express authority from the legislature. The language of KRS 389.040(1) ". . . it *shall adjudge* accordingly; which *judgment* and *sale* thereunder shall invest . . . ." (emphasis added) clearly shows the legislature intended such a sale to be a judicial one following a hearing and a judgment of the court. It follows that subsection (2) must have been intended to refer to those provisions of KRS 389.010 as they pertained to a judicial sale "as far as necessary." Had it been intended that it applied to a private sale, the enactment would have expressly stated so. As pointed out by the appellee, to hold otherwise, would result in an absurd conclusion that subsection (1) required a judicial sale and then impliedly repealed that requirement by subsection (2).

This holding is further supported by the difference in investment of the proceeds procedures provided for in KRS 389.010 and KRS 389.040. In the former, the proceeds may be paid to the guardian under certain conditions, whereas under the latter the proceeds of the sale are reinvested and held under the direction and control of the court in a predetermined manner.

The legislature, by this enactment, has very logically applied a different standard for the sale of a contingent interest in realty of an undetermined class as opposed to a sale of an interest in realty, already vested in persons in being. In the latter case, persons under a disability with a vested interest are also afforded the further protection of a legal guardian under a faithful performance bond. We hold that KRS 389.040 does not authorize a private sale of contingent interests in realty.

The judgment of the lower court is affirmed.

All concur.